UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| NEXT INSURANCE US COMPANY<br>*Plaintiff,*<br><br>v.<br><br>APEX COMFORT AIR LLC, JOHN<br>CASTILAW JR., AND MESHA MCMAHON<br>A/K/A MESHA CASTILAW<br>*Defendants.* | §<br>§<br>§<br>§  CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**AND REQUEST FOR DECLARATORY JUDGMENT RELIEF**

COMES NOW, Plaintiff, Next Insurance US Company, and, pursuant to 28 U.S.C. §§ 2201, 2202, and Federal Rule of Civil Procedure 57, files this Original Complaint and Declaratory Judgment Action against Defendants, Apex Comfort Air LLC, John Castilaw Jr., and Mesha McMahon a/k/a Mesha Castilaw. Plaintiff seeks a declaratory judgment that, based on exclusions in the insurance policy issued by Plaintiff to Apex Comfort Air LLC and John Castilaw, there is no coverage for a bodily injury claim submitted by Mesha McMahon a/k/a Mesha Castilaw individually and as next friend of minor E.M., and/or that there is no coverage for exemplary or punitive damages related to the same claim. Additionally, Plaintiff seeks a declaration that, because there is no coverage for the personal injury claim submitted by Mesha McMahon a/k/a Mesha Castilaw individually and as next friend of minor E.M., Plaintiff does not have a duty to defend or indemnify Apex Comfort Air LLC and John Castilaw Jr. in a lawsuit filed by Mesha McMahon a/k/a Mesha Castilaw individually and as next friend of minor E.M.

**I.    PARTIES**

1. The Plaintiff, Next Insurance US Company ("Plaintiff" or "Next"), a foreign insurance company organized and existing under the laws of the State of Delaware with its

principal place of business in the State of California. For purposes of diversity jurisdiction, Next is a citizen of Delaware and California.

2. Defendant, Apex Comfort Air LLC ("Apex"), is a limited liability company organized under the laws of the State of Texas. Based on information and belief, at all times relevant here, Apex had its principal office in Texas. Based on information and belief, is currently not in good standing with the Texas Secretary of State. Based on information and belief, Apex's franchise tax involuntarily ended on or about March 10, 2023. Based on information and belief, Apex's sole member is John Castilaw, who is a citizen of Texas. For purposes of diversity jurisdiction, Apex is a citizen of Texas. Apex Comfort Air LLC may be served with citation and process by serving its registered agent, John Castilaw, at 21441 IH 10, Vidor, Texas 77701, or wherever he may be found.

3. Defendant, John Castilaw Jr., is an individual resident of Texas. For purposes of diversity jurisdiction, Defendant, John Castilaw Jr., is a citizen of Texas. Defendant, John Castilaw Jr., may be served with citation and process at 420 Oak Lane, Vidor, Texas 77662, or wherever he may be found.

4. Defendant, Mesha McMahon a/k/a Mesha Castilaw, is an individual resident of Texas. For purposes of diversity jurisdiction, Defendant, Mesha McMahon a/k/a Mesha Castilaw, is a citizen of Texas. Defendant, Mesha McMahon a/k/a Mesha Castilaw, may be served with citation and process at 420 Oak Lane, Vidor, Texas 77662, or wherever she may be found.

## II.   JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Texas, Beaumont Division, has diversity jurisdiction over this matter because Plaintiff and Defendants have diverse

citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). The underlying liability lawsuit seeks monetary relief of more than $1,000,000.00.

6. Plaintiff is a citizen of California and Delaware, and Defendants are citizens of Texas. There is complete diversity of citizenship between the parties.

7. "The amount in controversy in an action for declaratory judgment is the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (internal quotations omitted). The amount in controversy can be adequately established by reference to the amount sought in the state court suit. *Hardware Mut. Cas. Co. v. Schantz,* 178 F.2d 779–80 (5th Cir. 1949). Here, the policy has an each occurrence limit of $1,000,000, and the plaintiff in the underlying personal injury action, Mesha McMahon individually and as next friend of minor E.M., "seeks monetary relief of more than $1,000,000." *See* **Exhibit B**. Thus, the amount in controversy exceeds $75,000, and the court has diversity jurisdiction of this matter.

8. Under 28 U.S.C. § 1390 and 1391, venue is proper in the United States District Court for the Eastern District of Texas, Beaumont Division, because the underlying incident occurred within this district and Defendants, John Castilaw Jr. and/or Mesha McMahon a/k/a Mesha Castilaw, reside in this judicial district. Defendants, John Castilaw Jr. and/or Mesha McMahon a/k/a Mesha Castilaw, reside in Orange County, which is located in this division. Defendant, Apex Comfort Air LLC, conducted business within the district in Vidor, Orange County, Texas.

9. Plaintiff brings this action under 28 U.S.C. § 2201, et seq., the Federal Declaratory Judgment Act, and Chapter 37 of the Texas Civil Practice and Remedies Code. Specifically, Plaintiff seeks a determination from the Court that (1) there is no coverage under the commercial

liability policy in question due to application of one or more exclusions, including the employer's liability for bodily injuries to an employee and/or that employee's spouse or child exclusion and the cross-suits exclusion; (2) there is no coverage under the subject liability policy for punitive, exemplary and/or multiple damages due to the non-compensatory damages exclusion in the policy; and (3) Plaintiff owes no duty to defend and/or indemnify Apex Comfort Air LLC and/or John Castilaw Jr. regarding the underlying occurrence, loss, claim, and/or lawsuit filed by Mesha McMahon individually and as next friend of minor E.M.

10. Plaintiff has complied with the laws of the State of Texas pertaining to corporations engaged in insurance business therein, has paid all taxes and assessments and license fees, and has filed all reports required by the State of Texas.

### III. FACTUAL BACKGROUND

11. Plaintiff issued a commercial general liability policy, policy number NXT7Y7CRCW-00-GL (the "Liability Policy") to Apex Comfort Air LLC and/or John Castilaw. *See* **Exhibit A**. The Liability Policy had effective dates of August 7, 2022 to August 7, 2023. *Id.*

12. The Liability Policy identified the named insureds to be "John Castilaw" and "Apex Comfort Air LLC."

13. The Liability Policy defined "insured" to include "If you are designated in the Declarations as (a) An individual, you and your spouse are insureds, but only with respect to conduct of a business which you are the sole owner . . .(c) A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business." *Id.* at form CG 00 01 04 13 (page 9 of 16).

14. The Liability Policy contained a medical payments exclusion that provided that "We will not pay expenses for 'bodily injury' . . . [t]o any insured . . . to a person injured on that

part of premises you own or rent that the person normally occupies." *Id.* at form CG 00 01 04 13 (page 8 of 16).

15. The Liability Policy included a cross suits exclusion that added an exclusion for "'Bodily injury', 'property damage' or 'personal and advertising injury' arising from claims or 'suits' brought by any named insured against any other named insured." *Id.* at NXUS-GL-2015.1-0218 (page 1 of 1).

16. The Liability Policy also included an employer liability exclusion that excluded "'Bodily Injury' to: (1) An 'employee' of any insured arising out of and in the course of: a. Employment by any insured; or b. Performing duties related to the conduct of an insured's business; or (2) The spouse, child . . . of that 'employee' as a consequence of paragraph (1) above." *Id.* at form NXUS-GL-2016.1-0218 (page 1 of 1). The employer's liability exclusion further provided that "This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury . . ." *Id.*

17. On or about August 30, 2022, Mesha McMahon a/k/a Mesha Castilaw and a minor child, E.M., were at 420 Oak Lane, Vidor, Texas 77662, when E.M. allegedly found a bottle of Drano and allegedly consumed an unknown quantity of the Drano. *See* **Exhibit B**. Mesha McMahon a/k/a Mesha Castilaw claims that her minor child, E.M., sustained injuries as a result of consuming the Drano. *Id.*

18. Thereafter, Mesha McMahon a/k/a Mesha Castilaw filed a lawsuit against Apex Comfort Air LLC and John Castilaw Jr. for the injuries that she claims E.M. sustained on August 30, 2022. *Id.* The same lawsuit is currently pending as *Mesha McMahon individually and as next*

*friend of minor E.M. v. Apex Comfort Air LLC and John Castilaw Jr.*; cause number 240267-C; in the 260th Judicial District Court of Orange County, Texas (the "Liability Lawsuit"). *Id.*

19. The Liability Lawsuit alleges that Apex Comfort Air LLC and John Castilaw Jr. were negligent in various respects. *Id.* The Liability Lawsuit asserts claims for negligence and gross negligence. *Id.* The Liability Lawsuit seeks the recover damages for past and future medical expenses and punitive or exemplary damages. *Id.*

## IV. THE LIABILITY POLICY

20. The Liability Policy provides in relevant part as follows:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

#### SECTION I – COVERAGES

#### COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

* * *

#### COVERAGE C – MEDICAL PAYMENTS

1. **Insuring Agreement**

    a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

    (1) On premises you own or rent;

    \* \* \*

  b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. . .

**2.** **Exclusions**

We will not pay expenses for "bodily injury":

  **a.** **Any insured**

    To any insured, except "volunteer workers".

    \* \* \*

  **c.** **Injury On Normally Occupied Premises**

    To a person injured on that part of premises you own or rent that the person normally occupies.

### SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:

  **a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

  \* \* \*

  **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as managers.

  \* \* \*

### EXCLUSION – CROSS SUITS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following is added to **SECTION I - COVERAGES, Coverage A Bodily Injury and Property Damages Liability**, paragraph **2. Exclusions** and to **SECTION I – COVERAGES, COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY**, paragraph **2. Exclusions**

"Bodily injury", "property damage" or "personal and advertising injury" arising from claims or "suits" brought by any named insured against any other named insured.

All other terms and conditions of the policy remain unchanged.

\* \* \*

### EXCLUSION – BODILY INJURY TO EMPLOYEES

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following replaces **SECTION I – COVERAGES, Coverage A Bodily Injury and Property Damages Liability** paragraph **2. Exclusions**, exclusion **e. Employer's liability**

**e.   Employer's Liability**

"Bodily Injury" to:

(1) An "employee" of any insured arising out of and in the course of:

   a.   Employment by any insured; or

   b.   Performing duties related to the conduct of an insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

All other terms and conditions of the policy remain unchanged.

\* \* \*

### EXCLUSION – NON-COMPENSATORY DAMAGES

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** and **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions** are amended and the following added:

### PUNITIVE DAMAGES

This insurance does not apply to any claim for or awards of non-compensatory damages, including, but not limited to:

1. Punitive, exemplary or multiple damages;

2. Equitable or non-pecuniary relief; or

3. Fines, penalties, court imposed sanctions, return or restitution of legal fees, costs or other expenses associated with such awards.

All other terms and conditions of the policy remain unchanged.

\* \* \*

## V.    REQUEST FOR DECLARATORY RELIEF

21.    Plaintiff petitions the Court, pursuant to 28 U.S.C. §§ 2201, 2202, and Federal Rule of Civil Procedure 57, as follows.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Next Insurance US Company, prays that this Court:

(1)    Adjudicate and declare:

    a.    Policy number NXT7Y7CRCW-00-GL issued by Next Insurance US Company to Apex Comfort Air LLC and John Castilaw does not provide

        coverage for any personal injury claim submitted by Mesha McMahon a/k/a Mesha Castilaw individually and as next friend of minor E.M. due to application of one or more exclusions, including the cross-suits exclusion and/or the employer's liability for bodily injuries to an employee exclusion;

    b. Policy number NXT7Y7CRCW-00-GL issued by Next Insurance US Company to Apex Comfort Air LLC and John Castilaw does not provide coverage for medical expenses for a personal injury claim submitted by Mesha McMahon a/k/a Mesha Castilaw individually and as next friend of minor E.M. because the subject incident occurred on premises that Apex Comfort Air LLC and/or John Castilaw owned or rented and ooccurred on the part of the premises that Mesha McMahon a/k/a Mesha Castilaw individually and as next friend of minor E.M. normally occupied;

    c. Policy number NXT7Y7CRCW-00-GL issued by Next Insurance US Company to Apex Comfort Air LLC and John Castilaw does not provide any coverage for exemplary or punitive damages sought by Mesha McMahon a/k/a Mesha Castilaw individually and as next friend of minor E.M.;

    d. Next Insurance US Company does not have a duty to defend and/or indemnify Apex Comfort Air LLC and John Castilaw Jr. regarding the underlying occurrence, loss, claim, and/or Liability Lawsuit filed by Mesha McMahon a/k/a Mesha Castilaw individually and as next friend of minor E.M.; and

(2)    Such other relief to with the Plaintiff may be justly entitled.

Respectfully submitted,

GAUNTT KOEN BINNEY & KIDD LLP

By: _____
John Chadwick Gauntt
Texas Bar No. 07765990
W. Chris Surber
Texas Bar No. 24064052
25700 I-45 North, Suite 130
Spring, Texas 77386
Telephone:     281-367-6555
Facsimile:      281-367-3705
Email:           chad.gauntt@gkbklaw.com
Email:           chris.surber@gkbklaw.com
Attorneys for Plaintiff

STATE OF TEXAS            §
COUNTY OF MONTGOMERY      §

Affiant, W. Chris Surber, attorney Next Insurance US Company, being duly sworn, says that:

Affiant is attorney of record for Next Insurance US Company, Plaintiff, and, as such, is authorized to make this verification; Affiant has read the foregoing Plaintiff's Original Complaint; Affiant has knowledge of the matters set forth in Plaintiff's Original Complaint; and such matters are true on information and belief, which Affiant believes to be true.

_____
W. Chris Surber

STATE OF TEXAS            §
COUNTY OF MONTGOMERY      §

This instrument was acknowledged before me by W. Chris Surber in his capacity as counsel for Next Insurance US Company and as a duly authorized representative of Gauntt, Koen, Binney & Kidd, LLP on this the 21st day of August, 2024.

_____
Notary Public in and for
the State of Texas

RYAN BOSTICK
ID #126347997
My Commission Expires
November 21, 2024